808 P.2d 876

**Ronald T. BONZ and Ruth I. Bonz, husband and wife; Elbert L. Haye and Margaret T. Haye, husband and wife; Stanley V. Haye, Sr. and Joyce Ann Haye, husband and wife; Larry Hughes and Leslie L. Hughes, husband and wife; Stanley V. Haye, Jr. and Patricia E. Haye, husband and wife; and Jack A. Gibson, all individually, Plaintiffs–Appellants,**

**v.**

**Jay D. SUDWEEKS, J. Dee May, Jon J. Shindurling, Mark Stubbs, and L. Jay Mitchell, individually and as partners of Sudweeks, May, Shindurling, Stubbs & Mitchell, a partnership and Sudweeks, May, Shindurling, Stubbs and Mitchell, a partnership, Defendants–Respondents.**

**No. 18335.**

Supreme Court of Idaho,

Twin Falls Nov. 1990 Term.

March 29, 1991.

David W. Thompson, Jerome, for plaintiffs-appellants.

Eberle, Berlin, Kading, Turnbow & McKlveen, Boise, for defendants-respondents. Bradley G. Andrews argued.

BOYLE, Justice.

In this appeal we are called upon to determine whether the existence of a cloud on the title to real property which contin-

ued because of a failure to properly record a release of lis pendens is sufficient damage for a professional malpractice action to accrue.

The trial court granted defendant's motion for summary judgment and dismissed plaintiffs' case on the basis that the action had accrued at the time the cloud on title was allowed to remain and the two-year statute of limitations in I.C. § 5–219(4) had expired prior to plaintiffs filing their complaint. For reasons set forth herein, we reverse the summary judgment and remand for further proceedings.

The plaintiffs in this action were owners of real property located in Jerome County, Idaho, at the intersection of Interstate 84 and State Highway 93, and were former clients of the attorneys and law firm named as defendants. In early 1985, several real property transactions and exchanges involving land in Lincoln County and Jerome County, Idaho, occurred which resulted in litigation and, relative to the instant appeal, the filing and recording of a lis pendens on real property located in Jerome County.

Defendants in this action were attorneys retained in that prior case to provide legal services to plaintiffs herein related to the real property transactions and resulting litigation. Negotiations between the parties in that prior action resulted in settlement of the controversy and the attorneys prepared settlement and dismissal documents, together with a release of lis pendens intended to be recorded in Jerome County. Following settlement of the controversy a paralegal at defendants' law office mailed the release of lis pendens to Lincoln County where it was recorded. Unfortunately, the original lis pendens sought to be released had been recorded in Jerome County and not in Lincoln County. As a result, the original lis pendens filed in Jerome County was not released and continued to be a cloud on the title to plaintiffs' property.

In March, 1987, the cloud on the title of plaintiffs' Jerome County real property was discovered by a third-party investor who had intended to invest $300,000.00 in the development of that property. As a result of the unreleased lis pendens remaining on the county records, the third-party investor refused to participate or have any further involvement in the development of plaintiffs' Jerome County property. The third-party investor did not advise plaintiffs that the presence of the lis pendens was the reason for withdrawing his offer of financial support for development of the property. As a result, plaintiffs were unable to obtain financing for the project.

In January, 1988, plaintiffs were not able to meet financial obligations on a note secured by the Jerome County property and a foreclosure action was commenced. In April, 1988, it was discovered by the parties to this action that the release of lis pendens had been recorded by the attorneys in the wrong county. On January 6, 1989, this action for damages alleging professional malpractice was filed.

The following dates and events are crucial to the issues presented in this appeal:

March 13, 1986 Release of Lis Pendens recorded in Lincoln County

March, 1987 Third party investor learns of Lis Pendens on Jerome County records and withdraws offer of $300,000.00 financial investment in plaintiffs' property

April, 1988 Plaintiffs discover Lis Pendens has not been released from Jerome County records

January 6, 1989 Complaint in this action filed seeking damages for professional malpractice

The trial court granted defendants' motion for summary judgment on the basis that the two-year statute of limitations in I.C. § 5–219(4) had expired prior to the complaint being filed on January 6, 1989, because plaintiffs had been damaged at the time of recording the release of lis pendens in the wrong county on March 13, 1986. As a result of the cloud remaining on the title to the Jerome County property on March 13, 1986, the trial court held that plaintiffs could not freely transfer the property and their action had accrued at that time.

For reasons set forth herein, we reverse the trial court's granting of summary judgment and remand the action for further proceedings.

## I.

### STANDARD FOR REVIEW—SUMMARY JUDGMENT

"A motion for summary judgment shall be rendered forthwith if the pleading, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c); *Rawson v. United Steelworkers of Am.*, 111 Idaho 630, 726 P.2d 742 (1986); *Schaefer v. Elswood Trailer Sales*, 95 Idaho 654, 516 P.2d 1168 (1973). Standards applicable to summary judgment require the district court and Supreme Court upon review, to liberally construe facts in the existing record in favor of the nonmoving party, and to draw all reasonable inferences from the record in favor of the nonmoving party. *Tusch Enters. v. Coffin*, 113 Idaho 37, 740 P.2d 1022 (1987); *Doe v. Durtschi*, 110 Idaho 466, 716 P.2d 1238 (1986); *Kline v. Clinton*, 103 Idaho 116, 645 P.2d 350 (1982); *Palmer v. Idaho Bank & Trust of Kooskia*, 100 Idaho 642, 603 P.2d 597 (1979). "[M]otions for summary judgment should be granted with caution." *Bailey v. Ness*, 109 Idaho 495, 497, 708 P.2d 900, 902 (1985); *Steele v. Nagel*, 89 Idaho 522, 528, 406 P.2d 805, 808 (1965). If the record contains conflicting inferences or reasonable minds might reach different conclusions, a summary judgment must be denied. *Kline v. Clinton*, 103 Idaho 116, 645 P.2d 350 (1982); *Farmers Ins. Co. of Idaho v. Brown*, 97 Idaho 380, 544 P.2d 1150 (1976); *Stewart v. Hood Corp.*, 95 Idaho 198, 506 P.2d 95 (1973).

## II.

### PROFESSIONAL MALPRACTICE—ACCRUAL OF ACTION

This is an action based on professional malpractice. *Griggs v. Nash*, 116 Idaho 228, 775 P.2d 120 (1989). The applicable statute of limitations contained in I.C. § 5–219(4), provides that an action to recover damages for professional malpractice must be commenced within two years. Idaho Code § 5–219(4) provides in pertinent part:

4. An action to recover damages for professional malpractice, ... shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom or any continuing professional or commercial relationship between the injured party and the alleged wrongdoer, ...

█ Although not stated in the statute, this Court has interpreted the law to require "some damage" before the action accrues and the limitation period begins to run. *Griggs v. Nash*, 116 Idaho 228, 775 P.2d 120 (1989).[1] As noted by a unanimous Court in *Griggs v. Nash:*

Having resolved that I.C. § 5–219(4) is the applicable statute of limitations in this case, we must then determine when the action accrued. The statute provides that actions for professional malpractice accrue "as of the time of the occurrence, act or omission complained of." If we were to apply the statute strictly, the claims ... would clearly be barred. The alleged acts or omissions ... occurred in May 1984. Since the third-party complaint was not filed until September of 1987, the statute would bar the claims. However, in *Streib v. Veigel*, 109 Idaho 174, 706 P.2d 63 (1985), *this Court extended the date for the accrual of ac-*

---

1. The requirement of "some damage" before an action accrues has its origin in *Stephens v. Stearns*, 106 Idaho 249, 678 P.2d 41 (1984). In *Stephens* this Court stated, "[a]s a general rule the statute of limitations does not begin to run against a negligence action until *some damage* has occurred. W. Prosser, *Handbook of the Law of Torts* § 301 (4th ed. 1971)." (Emphasis added.) 106 Idaho at 254, 678 P.2d 41.

*tions for professional malpractice where the negligence is continuing, until the date that damage occurred.*

116 Idaho at 232, 775 P.2d at 124. (Emphasis added.)

The requirement of "some damage" as a necessary element to accrual of an action for statute of limitation purposes was also addressed in *Treasure Valley Bank v. Killen & Pittenger, P.A.,* 112 Idaho 357, 732 P.2d 326 (1987).

This Court has dealt with the question of professional malpractice in a number of recent cases. These cases point out that while I.C. § 5–219(4) points out that "the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of ...," nevertheless *until some damage occurs no cause of action accrues for professional malpractice,* even though the "occurrence, act or omission complained of," which ultimately causes the damages, has occurred earlier.

112 Idaho at 359, 732 P.2d at 328.[2]

■ The trial court held that the presence of the cloud on the title to the Jerome County property constituted sufficient damage for the plaintiffs' action to accrue and since the complaint for professional malpractice was filed on January 6, 1989, more than two years after March 13, 1986, when the release was filed in the wrong county, the action was barred by the statute of limitations.

The legal issue presented in the instant appeal is somewhat similar to that presented in *Griggs v. Nash,* wherein we first had occasion to define what "damage" is for purposes of determining when the statute of limitations in I.C. § 5–219(4) begins to run. The precise issue presented here is whether the presence of the lis pendens as a cloud on the title in and of itself, without some related or actual damage to plaintiffs, is sufficient to cause the action to accrue.

Under the particular facts of this case we hold that the cloud on the title is not damage sufficient to cause the action to accrue.

Unlike *Griggs* and its predecessors the damage in this instant appeal is not as easily ascertainable and determined. In *Griggs,* the plaintiffs' damage was in the form of expenses actually incurred for attorney fees. In the early case of *Stephens v. Stearns,* 106 Idaho 249, 678 P.2d 41 (1984), an action for architect malpractice, the plaintiff suffered personal injury when she fell down an interior stairway in an apartment complex. In *Blake v. Cruz,* 108 Idaho 253, 698 P.2d 315 (1985), an action for medical malpractice alleging negligent diagnosis of rubella, the damage occurred at the time the infant was born with congenital defects. In *Streib v. Veigel,* 109 Idaho 174, 706 P.2d 63 (1985), an action for accounting malpractice, the action did not accrue until an IRS assessment caused damage to the taxpayers. In *Mack Fin. Corp. v. Smith,* 111 Idaho 8, 720 P.2d 191 (1986), an action for accounting malpractice, the action did not accrue until damage occurred after bankruptcy proceedings when it first became apparent that the creditor plaintiff would not be able to recover. In *Treasure Valley Bank v. Killen & Pittenger, P.A.,* 112 Idaho 357, 732 P.2d 326 (1987), an action for legal malpractice, the action accrued for statute of limitation purposes when plaintiff lost its opportunity to secure post-bankruptcy confirmation interest on a secured claim.

All of the above-cited cases have a common thread. The damage, for statute of limitation purposes, occurred long after the negligent act. The most poignant example is in *Stephens v. Stearns,* where the personal injury occurred several years after the negligent design of the stairway.

Applying the principles and rules of our case law to the record before us, we con-

---

**2.** The recent cases referred to in *Treasure Valley v. Killen & Pittenger, P.A.,* are *Mack Fin. Corp. v. Smith,* 111 Idaho 8, 720 P.2d 191 (1986) (accountant malpractice); *Streib v. Veigel,* 109 Idaho 174, 706 P.2d 63 (1985) (accountant malpractice); *Blake v. Cruz,* 108 Idaho 253, 698 P.2d 315 (1985) (physician medical malpractice); *Ste-*

*phens v. Stearns,* 106 Idaho 249, 678 P.2d 41 (1984) (architect malpractice). In all of these professional malpractice cases, the Court has required some damage to the plaintiff before the action accrues and the applicable statute of limitations begins to run.

clude that the proposed action against defendants accrued in March, 1987. Our review of the record clearly demonstrates that the damage to plaintiffs did not occur when the release of lis pendens was mistakenly recorded in Lincoln County. Rather, the damage occurred in March, 1987, when the investor learned of the cloud on the Jerome County property and thereafter refused to participate in a venture to develop the property. It was at the time the investor refused to participate financially in the property development that plaintiffs were damaged, rather than at the time the release was inadvertently filed in the wrong county.

The determination of what constitutes "damage" for purposes of accrual of an action must be decided on the circumstances presented in each individual case. In the instant case there is no dispute as to dates or events involved in the recording of the release of lis pendens or filing of plaintiffs' action. Based on our review of the record we hold that plaintiffs had suffered no damage, as contemplated in I.C. § 5–219(4) and our case law, until the investor withdrew his financial support from the proposed development venture.

III.

CONCLUSION

Under the rule established and adopted in *Stephens v. Stearns*, and refined in our other cases, we therefore hold that plaintiffs did not suffer damages, as contemplated in I.C. § 5–219(4), and their action did not accrue until withdrawal of the investor's financial support in March, 1987. Accordingly, the two-year statute of limitations of I.C. § 5–219(4) does not bar plaintiffs' action for alleged professional malpractice because their complaint was filed within two years of the date the financing was withdrawn.

We reverse the trial court's entry of summary judgment and remand. Costs to appellants. No attorney fees awarded on appeal.

BAKES, C.J., and BISTLINE, JOHNSON and McDEVITT, JJ., concur.