Trout, J., concurred in part, dissented in part, and filed opinion.

924 P.2d 615

STATE of Idaho, Lexington Insurance Company, Mount Hawley Insurance Company, Lloyds' Underwriters at London, and Commonwealth Insurance Company, Plaintiffs–Appellants,

v.

RUBBERMAID INCORPORATED, an Ohio corporation, Defendant–Respondent.

No. 21566.

Supreme Court of Idaho,
Boise, February 1996 Term.

Sept. 26, 1996.

Alan G. Lance, Attorney General; Aherin, Rice & Anegon, Lewiston; Ryder & Ryan, Seattle, WA, for appellants. Darrel W. Aherin argued, Lewiston,

Eberle, Berlin, Kading, Turnbow & McKlveen, Boise, for respondent. William A. Fuhrman argued, Boise.

SILAK, Justice.

This is an appeal by the State of Idaho and its insurers (the State) from a summary judgment entered by the district court in favor of the respondent Rubbermaid Inc. (Rubbermaid), in a case arising out of the January 1, 1992 fire in the Idaho State Capitol Building which originated from a smoldering cigarette deposited in a wastebasket allegedly manufactured by Rubbermaid. We vacate the order of summary judgment and remand to the district court for further proceedings consistent with this opinion.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On January 1, 1992, a part-time public information officer employed by the Attorney General's Office (the Employee), was working in her office cleaning out old files. She

placed the unwanted papers in a wastebasket in her office. While working the Employee was smoking and upon completion of her work, she emptied the contents of her ashtray into the same wastebasket in which she had placed her discarded papers. The Employee did not notice that a cigarette was still smoldering when she placed it in the wastebasket. The smoldering cigarette ignited the contents of the wastebasket. The fire spread from the wastebasket to the Employee's desk, to the rest of her office, to the Attorney General's Office, and then to the Budget Office a floor above. The fire caused approximately $3.4 million in damage to the State Capitol Building.

On January 14, 1993, the State sued Rubbermaid seeking damages resulting from the fire. The complaint alleged theories of negligence, negligent failure to warn, negligent failure to comply with safety standards, strict liability, and breach of implied warranty for damages resulting from Rubbermaid's failure to use a fire retardant in its design of its Model 2956 wastebasket. The State claimed that the 2956 wastebasket, made of polyethylene plastic, did not contain the fire but instead burned intensely and contributed fuel to both the ignition and spread of the fire. Rubbermaid denied that it proximately caused or contributed to the fire. It asserted that the State voluntarily assumed any risk of harm from the use of Rubbermaid's product, and that the State failed to give reasonable notice of any alleged breach of warranty.

On April 28, 1994, Rubbermaid moved for summary judgment arguing that: (1) the State had not established that a Rubbermaid wastebasket was involved in the fire; (2) the State could not establish a prima facie case of defective design; and (3) the State's allegation based on failure to warn failed for lack of duty and causation. The State then filed an opposition brief and an affidavit of its expert, Frank Roberts, attempting to establish that the Rubbermaid wastebasket Model 2956 was defective because it was not made of fire retardant material. A reply memorandum was then filed by Rubbermaid. On August 2, 1994, a hearing was held on the summary judgment motion. The district judge ruled from the bench in Rubbermaid's favor as to all counts of the complaint. A judgment was thereafter entered on August 5, 1994.

On August 19, 1994, the State moved for reconsideration urging the district court to reconsider its ruling as to Count I—negligence, Count III—negligent failure to comply with safety standards, and Count IV—strict liability. The State also argued that Rubbermaid did not raise causation as an issue except in regard to the failure to warn count, and therefore that the State did not submit proof on causation in responding to Rubbermaid's summary judgment motion because it was not an issue. The State argued that Rubbermaid's reply brief raised causation for the first time as to all counts, and that the district court improperly focused on causation as the basis for granting summary judgment. In support of its motion for reconsideration, the State filed a supplemental affidavit of the State's expert, Frank Roberts, and a videotape comparing a metal wastebasket with a Rubbermaid 2956 plastic wastebasket. Rubbermaid then moved to strike the videotape and affidavit and also sought attorney fees in opposing the State's motion. After a hearing on the motions, the district court entered an order denying the State's motion for reconsideration and granting Rubbermaid's motion to strike. Rubbermaid was awarded its costs, but not attorney fees. Final judgment was entered on November 2, 1994, in favor of Rubbermaid and the State appealed.

## II.

### ISSUES ON APPEAL

1. Whether the district court, in ruling on the summary judgment motion, improperly decided issues not raised in Rubbermaid's motion and initial brief.

2. Whether there were material factual issues in dispute, rendering summary judgment improper.

## III.

### ANALYSIS

**A. Standard Of Review.**

On an appeal from an order granting summary judgment, our standard of re-

view is the same as the standard used by the district court in ruling on a motion for summary judgment. *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho 527, 529, 887 P.2d 1034, 1036 (1994); *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). Upon review, the Court must liberally construe facts in the existing record in favor of the nonmoving party, and draw all reasonable inferences from the record in favor of the nonmoving party. *Thomson*, 126 Idaho at 529, 887 P.2d at 1036; *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991). If there are conflicting inferences contained in the record or reasonable minds might reach different conclusions, summary judgment must be denied. *Bonz*, 119 Idaho at 541, 808 P.2d at 878.

**B. Proximate Cause Was Properly Considered By The District Court Due To The State's Failure To Timely Object To Rubbermaid's Inclusion Of This Issue In Its Reply Memorandum.**

■ The thrust of the State's claim is that a Rubbermaid wastebasket proximately caused the spread of the January 1, 1992 fire in the State Capitol Building. The State argues on this appeal that in Rubbermaid's opening memorandum in support of its motion for summary judgment, it raised the issue of proximate cause only with respect to the State's failure to warn claim, but failed to raise it as to the remaining counts in the complaint. The State further argues that Rubbermaid did not raise the causation issue as to the remaining counts in the complaint until its reply memorandum. The State thus claims that the district court improperly considered issues not presented before it.

In support of this argument, the State relies on this Court's recent opinion in *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho

527, 887 P.2d 1034 (1994), for the proposition that a nonmoving party in a summary judgment motion need only respond to issues raised by the moving party. The State argues that since Rubbermaid raised the proximate cause issue as to all claims only in its reply memorandum, that the State was not required to respond, and therefore, the district court should not have decided this issue on summary judgment. While we agree that Rubbermaid only addressed proximate cause as to the State's negligent failure to warn claim in its initial summary judgment memorandum, and that pursuant to our holding in *Thomson* the State would ordinarily be required to respond only to that particular proximate cause argument, for the following reasons we hold that the State has waived its right to object on procedural grounds to the district court ruling on proximate cause as it relates to all five counts in the complaint.

We base this ruling on the State's entire course of conduct during the summary judgment proceedings. Even if Rubbermaid did not raise the proximate cause issue as to all claims in its opening memorandum, the State argued throughout its response memorandum that the Rubbermaid wastebasket caused the spread of the fire. Thus, in its reply memorandum, Rubbermaid attempted to rebut the State's contentions on that issue, namely, that the State's expert, Frank Roberts, had failed to establish that the wastebasket had proximately caused the spread of the fire and that the evidence established the contrary. At the August 2, 1994 hearing on the motion, the State never asserted that Rubbermaid improperly raised the issue of proximate cause for the first time in its reply memorandum. To the contrary, the State orally argued that the wastebasket was the cause of the spread of the fire. Further, if after Rubbermaid filed its reply memorandum the State believed additional issues had been raised, it could have requested a continuance pursuant to I.R.C.P. 56(c), or submitted additional affidavits to contest the issues raised in Rubbermaid's reply memorandum pursuant to I.R.C.P. 56(f). The State did not object to the inclusion of these issues in any manner.

The State raised its objection for the first time in its motion for reconsideration, after the district court's ruling from the bench at the August 2, 1994 hearing, and after the court entered judgment on August 5, 1994. At the hearing on the motion for reconsideration, when asked by the district court how it was supposed to discern the fact that the proximate cause issue was not adequately presented if the State did not raise an objection, counsel for the State admitted that he had missed the opportunity to object. Regardless of whether the issue of proximate cause was fully raised by Rubbermaid at the appropriate time, the State missed every opportunity to object before the district court. *See, e.g., Rasmuson v. Walker Bank & Trust Co.,* 102 Idaho 95, 97–98, 625 P.2d 1098, 1100–01 (1981); *Bennett v. Bliss,* 103 Idaho 358, 647 P.2d 814 (Ct.App.1982). Therefore, we conclude that based upon the State's entire course of conduct during the summary judgment proceedings, the district court properly considered and ruled on the issue of proximate cause as to all counts of the complaint.

■ To the extent, however, that the district court ruled on counts four and five of the complaint, strict liability and breach of implied warranty, on other than causation grounds, summary judgment was improperly granted. After making its rulings from the bench at the August 2, 1994 hearing on the general causation issues, the court then made certain pronouncements regarding Rubbermaid's duty and any breach of that duty. In ruling on the strict liability claim, the court stated that to argue that a wastebasket is unreasonably dangerous because it is non-fire resistant is "preposterous". With respect to the breach of warranty claim, the court simply dismissed its inclusion in the complaint as an "after thought" on the part of the State. Because it is clear from a review of the record that the issue whether Rubbermaid is entitled to summary judgment on these two claims was never briefed nor argued, we hold that the district court improperly ruled upon them, and as to those two counts, the district court's decision is vacated.

## C. The District Court Abused Its Discretion In Excluding The Supplemental Affidavit Of Frank Roberts.

■ In determining whether a district court properly admitted or excluded expert testimony, our standard of review is as follows: whether an expert's opinion testimony is admissible is within the sound discretion of the trial court and that court's rulings will not be disturbed on appeal absent a showing of an abuse of that discretion. *Lawton v. City of Pocatello,* 126 Idaho 454, 463, 886 P.2d 330, 339 (1994); *Sidwell v. William Prym, Inc.,* 112 Idaho 76, 81, 730 P.2d 996, 1001 (1986).

In addition to filing its opposition memorandum to Rubbermaid's summary judgment motion, the State filed an affidavit of its expert, Frank Roberts. The affidavit purported to raise enough of a factual issue to withstand judgment by asserting that the Rubbermaid wastebasket 2956 ignited and fueled the fire causing it to spread. Mr. Roberts' affidavit also discussed a test he conducted at the University of California Fire Laboratory involving exemplars of the wastebasket, chair, desk and drapes in the office in which the fire started. Additionally, Mr. Roberts discussed the two industry standards for nonmetallic wastebaskets, the 1976 Factory Mutual Standard and the 1985 Underwriters Laboratory Standard 242, and concluded that Rubbermaid had not complied with the standards. At the August 2, 1994 hearing, the district court ruled that the assertions of Mr. Roberts did not create any triable issue of fact and that he testified abstractly. It found that the fire test was "totally unexplained" and that there was no straightforward statement by Roberts' that in his opinion, that wastebasket contributed to the spread of the fire. The court further found Roberts to be unqualified to express an opinion in the area of manufacture or design of Rubbermaid products or whether another product could be designed, and that he had no demonstrated experience, training, education, or skill in design or manufacture of plastic products of any kind.

Later, in support of its motion for reconsideration, the State filed a supplemental affidavit of Frank Roberts and videotape of the

fire test performed by Roberts at the University of California. In conjunction with the State's motion for reconsideration, Rubbermaid filed a motion to strike from the record Roberts' supplemental affidavit and videotape. At the hearing on the motions, the district court denied the State's motion for reconsideration ruling that it did not consider the "beefed up affidavit" to change any of the "fundamental observations" it made during the first hearing. The court granted Rubbermaid's motion to strike, ruling that "the supplemental affidavit of Roberts ... shall be stricken." However, in the court's written order, the judge deleted by pen (he then initialed and dated his marking) the sentence which read: "By this Order, the above-referenced Post–Judgment Affidavits, along with all attached exhibits, are purged and expunged from the record of this action." Thus, it appears that the district court considered the supplemental affidavit when it made its ruling that the "beefed up" affidavit did nothing to change the court's original decision that Frank Roberts' testimony did not present a triable issue of fact.

Regardless of the judge's statement that the supplemental affidavit did not change any of the fundamental observations made by the court earlier, the judge did in fact grant Rubbermaid's motion to strike, entering a written order to that effect. Therefore, we approach this issue as a review of the order to strike, because that was the ultimate disposition of the issue by the trial court.

■ On appeal, although the State does not appear to expressly appeal the district court's granting of the motion to strike, we hold that the State is at least implicitly appealing this decision by asserting that the supplemental affidavit of Frank Roberts presents material issues of fact. We further hold that the district court exceeded the bounds of discretion in three ways by excluding the affidavit.

■ First, in ruling on the original affidavit, the court found Roberts to be unqualified to opine in the areas of manufacture or design of the Rubbermaid wastebasket, or design or manufacture of plastics of any kind. This finding does not constitute an abuse of discretion by the court. However, in the supplemental affidavit, Roberts states that he has experience involving the design and molding of polymeric materials (e.g., polyethylene), and that for many years he was the manager of a manufacturing company which was involved in the molding of polymeric materials, including natural rubber, synthetic rubber and silicone polymers. Thus, in his second affidavit, Roberts provides the very qualifications the district court found to be lacking in the first affidavit, but the court did not change its decision. Roberts' credibility or lack thereof was not raised by Rubbermaid.

■ Second, the district court excluded the first affidavit because the court concluded the fire test was unexplained. With respect to the second affidavit, the court ruled that it was immaterial what may happen in the abstract or in a hypothetical because this test was not evidence from the actual scene and the fire investigators at the scene concluded that there was no evidence that the fire spread down and under the desk. This ruling is also an abuse of discretion because in his supplemental affidavit, Roberts went into more detail about how the test was conducted and explained that he duplicated everything in the Employee's office as close as possible to how it was the day of the fire. Roberts also provided a videotape of the test. Thus, we hold that the court improperly weighed the evidence in deciding that this fire test was immaterial.

■ Third, the district court concluded that in his first affidavit Roberts did not clearly state that in his opinion, this wastebasket contributed to the spread of the fire. Although Roberts did not state this opinion in his original affidavit, he clearly states this opinion twice in his supplemental affidavit. Paragraph six states: "The obvious conclusion reached at that time was, that, but for the burning behavior of the polyethylene, the fire on January 1, 1992 would not have resulted in damage beyond the ability of a custodian to remedy." And in paragraph twelve, Roberts concludes: "Given the configuration of [the Employee's] office the day of the fire and the paper products contained therein, it is my opinion that if a fire retard-

ed [sic] wastebasket were in the office, the fire would not have spread causing the extensive damage it did." Thus, we hold that the district court abused its discretion in failing to admit the supplemental affidavit of Roberts on the grounds that he did not give an opinion. Roberts clearly gave his opinion in the second affidavit. The supplemental affidavit raised genuine issues of material fact as to causation. We therefore vacate the order of summary judgment and remand the case to the district court for further proceedings.

## IV.

## CONCLUSION

We hold that although Rubbermaid did not raise the issue of proximate cause as it relates to all counts of the complaint in its opening summary judgment memorandum, the district court properly considered the issue due to the State's entire course of conduct relating to this issue during the summary judgment proceedings.

We further hold, however, that the district court exceeded the boundaries of its discretion in excluding the supplemental affidavit of the State's expert witness, and that had the affidavit not been excluded, it would have raised material factual issues rendering summary judgment improper. We further vacate the grant of summary judgment on counts four and five of the complaint, strict liability and breach of implied warranty. Thus, we vacate the district court's order of summary judgment and remand the case for further proceedings consistent with this opinion.

No attorney fees on appeal. Costs on appeal to appellant.

McDEVITT, C.J., and JOHNSON and SCHROEDER, JJ., concur.

TROUT, Justice, dissenting from Part III B, concurring in the result of Part III C, and concurring in the balance of the court's opinion.

Because I do not agree with the Court's analysis of the State's burden on summary judgment or its review of the district court's ruling on the supplemental affidavit, I must respectfully dissent in part and concur only in the result of the analysis of the Roberts' affidavit.

When moving for summary judgment, the moving party bears the burden of identifying those elements of its opponent's case on which no genuine issues of material fact exist. *Thomson v. Idaho Ins. Agency, Inc.,* 126 Idaho 527, 531, 887 P.2d 1034, 1038 (1994). The non-moving party must simply respond by providing evidence of genuine issues of material fact involving any matters challenged by the moving party. *Id.* at 530, 887 P.2d at 1037 (citing *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 273, 869 P.2d 1365, 1368 (1994)). As the moving party, Rubbermaid bore the initial responsibility of determining those issues of the State's case on which it intended to move for summary judgment. Rubbermaid asserted three grounds in its motion for summary judgment. Rubbermaid cannot then assert additional issues in its reply brief, technically affording the State no opportunity to respond. *See, e.g., McDaniel v. Mississippi Baptist Medical Ctr.,* 869 F.Supp. 445, 453 (S.D.Miss.1994) (refusing to consider grounds in support of defendant's summary judgment motion, raised for the first time in defendant's reply memorandum: "In the interest of fairness, Defendant should not be allowed to raise new grounds for the first time in its rebuttal to which Plaintiff will not have the opportunity to provide an adequate response."). The burden is on the moving party to assert issues which are not in dispute, not on the non-moving party to object to issues which are not properly before the trial court. There was likewise no burden on the State to request a continuance or submit additional affidavits. The argument about proximate cause was never properly presented by Rubbermaid and, thus, no duty arose for the State to respond. Admittedly, it would have been advisable for the State to alert the district court that the State was not prepared nor intending to respond to Rubbermaid's new assertions, but I do not believe the district court can consider issues not presented at the outset by the moving party.

Even if I could accept the district court's initial ruling on the motion for summary judgment, I disagree that the Court should review the district court's ruling on the motion to strike. The record makes it clear that the district court considered the supplemental affidavit in denying the State's motion for reconsideration. After denying the motion, the judge then followed the unusual procedure of striking the affidavit that he had just considered in ruling on the motion, telling the State's counsel: "Mr. Aherin, I'm going to make it more difficult upon you recognizing that you're going to take this across the street." The issue before this Court is the correctness of the district court's ruling on the motion to reconsider, not the rationality of the district court's subsequent course of conduct intended to make it "more difficult" for counsel. The district court abused its discretion in denying the motion to reconsider because, as discussed in the Court's opinion, the supplemental affidavit presented evidence of genuine issues of material fact, precluding the granting of Rubbermaid's motion for summary judgment. The State clearly should have had an opportunity to respond to Rubbermaid's assertions regarding proximate cause. The supplemental Roberts affidavit does so and should have been considered. Thus, I agree with the conclusion of the Court in Part III C, although I reach it by a different route.