997 P.2d 615

Bobbie REGJOVICH, Plaintiff–Appellant,

v.

FIRST WESTERN INVESTMENTS, INC., an Idaho Corporation and Management Northwest, Inc., a Washington Corporation doing business in the State of Idaho, Defendants–Respondents,

and

Thrifty/Payless, Inc., a California Corporation doing business in the State of Idaho, Pennie Galland, Wayne Galland and Mike Froemming, d/b/a R & R Construction, and John Does I–IV, inclusively, whose names are unknown, Defendants.

No. 24444.

Supreme Court of Idaho,
Coeur d'Alene, October 2000 Term.

March 31, 2000.

Michael J. Verbillis, Coeur d'Alene, for appellant.

Cosho, Humphrey, Greener, & Welsh, Boise, for respondents. Christopher C. Burke argued.

SCHROEDER, Justice.

Bobbie Regjovich (Regjovich) appeals the district court's grant of summary judgment on her claims against First Western Investments, Inc., (FWI), Management Northwest, Inc., (MNW), and First Western Development Association of Washington V, L.P., (FWD–V). Regjovich alleged that she suffered personal injuries in a slip-and-fall that occurred on the sidewalk outside the Payless Drug Store in Coeur d'Alene. The district

court concluded that FWI had no legal responsibility because (1) FWI was not the owner of the real property in question, (2) FWI was not estopped from denying property ownership, and (3) FWI owed no duty of care to Regjovich. The district court dismissed Regjovich's claims against MNW and FWD–V for failure to timely serve a complaint and summons within six months pursuant to Rule 4(a)(2) of the Idaho Rules of Civil Procedure (I.R.C.P). The district court dismissed claims against Thrifty/Payless, Inc. (Thrifty), Pennie Galland, Wayne Galland and Mike Froemming d/b/a R & R Construction, for failure to timely serve the complaint as provided by Rule 4(a)(2), I.R.C.P. Regjovich appeals the dismissal of the claims against FWI, MNW, and FWD–V.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

FWI, MNW, and FWD–V are business entities that shared some common ownership among the principals at the times that are relevant in this case. FWI is an Idaho corporation whose shareholders were George E. Barber (Barber), Michael J. Hess (Hess), Scott Shanks (Shanks) and Mark O. Zenger (Zenger). Zenger was president of FWI. MNW is a Washington corporation. Prior to March 1995, the shareholders of MNW were Barber, Hess, Shanks, and Zenger. After March 1995, the shareholders in MNW were Mack H. Debose (Debose), Hess, and Shanks. Since March 1995, the shareholders in MNW have acted in various capacities as corporate officers of MNW. FWD–V is a limited partnership organized under Washington law. The general partners of FWD–V were Barber, Hess, Shanks, and Zenger. The limited partner was Debose. Wausau Underwriters Insurance Company (Wausau) is the liability insurance carrier for FWI, MNW, and FWD–V.

On December 20, 1996, Regjovich filed a complaint naming FWI, Thrifty, MNW, Pennie Galland, Wayne Galland and Mike Froemming d/b/a R & R Construction and John Does I–IV as defendants. No summonses were issued until May 20, 1997.

FWI was served with process on May 21, 1997, within the six-month period provided by Rule 4(a)(2). MNW was not served within the six-month period. FWD–V was not named as a defendant in the complaint but was served with a John Doe summons on July 21, 1997.

The district court granted summary judgments in favor of FWI, MNW, and FWD–V, dismissing Regjovich's complaint. Regjovich appealed the judgments entered against her.

## II.

### STANDARD OF REVIEW

■■■ Rule 4(a)(2) requires a party to serve the summons and complaint within six months of filing the complaint. Unless a party can show good cause for failure to serve within those six months, a court must dismiss the action without prejudice. I.R.C.P. 4(a)(2). A determination of whether good cause exists is a factual one. *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 132 Idaho 531, 533, 976 P.2d 457, 459 (1999). Consequently, when reviewing a decision dismissing a case under the rule, "the appropriate standard of review is the same as that used to review an order granting summary judgment." *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 132 Idaho 531, 533, 976 P.2d 457, 459 (1999). However, "where there is no dispute as to the factual circumstances, our review consists of ascertaining the effect of applicable law on the undisputed facts." *Martin v. Hoblit*, 133 Idaho 372, 987 P.2d 284 (1999).

## III.

### THE DISTRICT COURT'S DECISION THAT REGJOVICH DID NOT SHOW GOOD CAUSE FOR LATE SERVICE OF THE SUMMONS ON MNW IS SUPPORTED BY THE RECORD.

The version of Idaho Rules of Civil Procedure 4(a)(2) in effect at the time Regjovich filed her complaint provided:

> If a service of the summons and complaint is not made upon a defendant within six (6) months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative without notice to such party or upon motion.

I.R.C.P. 4(a)(2).

■■■ Regjovich filed the complaint on December 20, 1996. Service of process on MNW did not occur until July 21, 1997. Regjovich asserts that there was good cause for the late service of process on the basis of negotiations with the insurance carrier prior to the filing of the complaint and the fact that she was medically unstable, making settlement impractical until her final condition became known.

■■■ The relevant time in question is the six month period following the filing of the complaint. *Martin*, 133 Idaho 372, 987 P.2d 284; *Sammis v. Magnetek*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997). The settlement negotiations that took place before the complaint was filed are irrelevant in determining good cause. In *Martin v. Hoblit*, 133 Idaho 372, 987 P.2d 284, this Court determined that settlement negotiations between the parties do not provide justification for delay of service and do not in and of themselves constitute cause for non-compliance with Rule 4(a)(2). The settlement negotiations in this case that occurred prior to filing the complaint do not constitute good cause for the late service of process.

The fact that Regjovich's medical condition had not stabilized does not constitute good cause for failure to serve the summons and complaint. There was nothing in her condition that prevented service of process. The question of whether resolution of her claim should await stabilization of her medical condition was one that could have been addressed in the litigation following service of process.

## IV.

### THE DISTRICT COURT CORRECTLY DETERMINED THAT EQUITABLE ESTOPPEL WAS NOT APPLICABLE.

#### A. Standard of Review

■■■ On an appeal from an order granting summary judgment, this Court's stan-

dard of review is the same as the standard used by the district court in ruling on a motion for summary judgment. *State v. Rubbermaid, Inc.,* 129 Idaho 353, 355–56, 924 P.2d 615, 617–618 (1996). The Court must liberally construe facts in the existing record in favor of the nonmoving party and draw all reasonable inferences from the record in favor of the nonmoving party. *Rubbermaid,* 129 Idaho at 356, 924 P.2d at 618. If there are conflicting inferences contained in the record, or if reasonable minds might reach different conclusions, summary judgment must be denied. *Bonz v. Sudweeks,* 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). When questions of law are presented, this Court exercises free review and is not bound by findings of the district court but is free to draw its own conclusions from the evidence presented. *Mutual of Enumclaw v. Box,* 127 Idaho 851, 852, 908 P.2d 153, 154 (1995).

### B. Equitable Estoppel

FWI was named in the complaint as the owner of the property in issue but in fact was not the owner. Consequently, FWI had no legal responsibility for Regjovich's injuries unless FWI was estopped from raising the defense of non-ownership. FWD–V, not FWI, was in fact the owner of the property in issue in this case but was not named in the complaint and was not served with process until after the statute of limitations had run. Regjovich maintains that FWI should be estopped from denying ownership of the property and FWD–V should be estopped from asserting the statute of limitations defense because an employee of Wausau, which insured both FWI and FWD–V, told Regjovich that FWI was the owner of the property. Relying on this communication, Regjovich named FWI in the complaint as the owner of the property and served FWI within six months of filing the complaint.

■ Equitable estoppel is based on the concept that it would be inequitable to allow a person to induce reliance by taking a certain position and, thereafter, take an inconsistent position when it becomes advantageous to do so. *Gafford v. State,* 127 Idaho 472, 903 P.2d 61 (1995). The elements of equitable estoppel are:

(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth, (2) the party asserting estoppel did not know or could not discover the truth, (3) the false representation or concealment was made with the intent that it be relied upon, and (4) the person to whom the representation was made or from whom the facts were concealed, relied and acted upon the representation or concealment to his [or her] prejudice.

*Knudsen v. Agee,* 128 Idaho 776, 779, 918 P.2d 1221, 1224 (1996) (citing *Twin Falls Clinic & Hosp. Bldg. v. Hamill,* 103 Idaho 19, 22, 644 P.2d 341, 344 (1982)).

■ The district court determined that Wausau made a false representation in the letter to Regjovich on March 14, 1995, and that the false representation was intended to be relied upon. However, the district court concluded that "in drawing all reasonable inferences in favor of Regjovich, I find that had Regjovich's attorney exercised reasonable diligence, he would have discovered that FWI was not the owner of Lot 3A prior to [ ... ] filing his Complaint on December 20, 1996."

■ All factors of equitable estoppel are of equal importance, and there can be no estoppel absent any of the elements. *Tommerup v. Albertson's, Inc.,* 101 Idaho 1, 607 P.2d 1055 (1980) (*overruled on other grounds by Harrison v. Taylor,* 115 Idaho 588, 768 P.2d 1321 (1989)). Idaho courts have long determined that one may not assert estoppel based upon another's misrepresentation if the one claiming estoppel had readily accessible means to discover the truth. Consequently, if Regjovich either knew or had the ability with reasonable diligence to determine the true owner of the property, the second element of equitable estoppel is lacking.

In this case the letter from Wausau to Regjovich was dated March 14, 1995. The complaint was filed December 20, 1996, approximately twenty months later. There was over a year and a half to discover the true owner prior to filing the complaint. The ownership of the property was a matter of public record accessible to Regjovich. Para-

graph VI of the complaint recognized that FWI might not be the owner of the property:

> Defendant, JOHN DOE, I, is named as a Defendant in the event the real property was not owned by FIRST WESTERN INVESTMENTS, INC. at times material. JOHN DOE I was the lawful owner of the premises described in Paragraph II herein.

 The requirements of equitable estoppel were not intended to create a trap for the unwary. It is troublesome that Wausau misstated the ownership of the property, but it is clear that Regjovich had the time and means to discover the identity of the owner with reasonable diligence. The concern noted in the complaint that FWI might not be the owner of the property required that a reasonable effort be made to determine the owner prior to expiration of the statute of limitations. An essential element of equitable estoppel is missing.

## V.

### THE DISTRICT COURT DID NOT ERR IN DENYING REGJOVICH'S MOTION TO AMEND THE COMPLAINT AGAINST FWD–V.

Regjovich argues that the Court should have allowed amendment of the complaint to name FWD–V as a defendant when she discovered that FWI was not the true owner. Pursuant to Rule 15(c) an amendment to the complaint arising from the same conduct alleged in the complaint relates back to the date the original complaint was filed if

> within the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. . . .

I.R.C.P. 15(c).

 The district court concluded that since Regjovich failed to timely serve FWD–V within the six months as required by

I.R.C.P. 4(a)(2), that it need not address the motion to amend the complaint. It is correct that FWD–V was not served within six months from the filing of the complaint. However, if the amendment to name FWD–V were allowed, it is arguable that the six-month period for service from the filing of the complaint would not commence at the time the initial complaint was filed but at a later time. Consequently, the Court will address the issue of whether an amendment should have been allowed.

Regjovich maintains that FWD–V had notice of the complaint prior to the expiration of the statute of limitations because Wausau knew that Regjovich was going to file a complaint. According to Regjovich, since Wausau was the insurance company for FWI, FWD–V and MNW, FWD–V must have been put on notice about the complaint filed on December 20, 1996. However, the fact that the attorney for Regjovich advised the adjuster for Wausau that he would file a complaint to protect the statute of limitations is not sufficient to put FWD–V on notice that a complaint which might implicate it was filed later. It was not until the latter part of February 1997 that the adjuster for Wausau learned that a complaint had in fact been filed. This was after expiration of the statute of limitations. Consequently, the conditions of Rule 15(c) were not met.

 This Court has allowed an exception to permit the

> amendment of a complaint designating the true name of a fictitiously described party to relate back to the filing of the original complaint *without meeting the requirements of Rule 15(c)* if it can be established that the amending party proceeded with due diligence to discover the true identity of the fictitious party and promptly moved to amend and serve process upon the previously fictitiously described party.

*Nerco Minerals Co. v. Morrison Knudsen Inc.*, 132 Idaho 531, 976 P.2d 457 (1999). Regjovich's claim against FWD–V is not saved by the exception in *Nerco Minerals Co.* because Regjovich did not proceed with due diligence to discover the identity of the fictitious John Doe party she had designated as a possible owner of the property.

## VI.

## CONCLUSION

The decisions of the district court granting summary judgments to the respondents are affirmed. The respondents are awarded costs. No attorney fees are allowed.

Chief Justice TROUT and Justices SILAK, WALTERS, and KIDWELL, concur.