30 P.3d 949

Steve and Melinda JACOBSON, husband and wife, Plaintiffs–Appellants,

v.

STATE FARM MUTUAL, AUTOMOBILE INSURANCE COMPANY, Defendant–Respondent.

No. 26170.

Supreme Court of Idaho,
Pocatello, May 2001 Term.

July 11, 2001.

Rehearing Denied Aug. 21, 2001.

Clark & Jackson, Twin Falls, for appellants. Eric R. Clark argued.

Elam & Burke, P.A., Boise, for respondent. Bobbi·K. Dominick argued.

SCHROEDER, Justice.

Steve and Melinda Jacobson (Jacobsons) asserted a bad faith claim against State Farm Mutual Automobile Insurance Company (State Farm). The district court denied their motion to delay the hearing on State Farm's motion for summary judgment and granted State Farm's motion for summary judgment. The decisions of the district court are affirmed.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

On July 5, 1994, Melinda Jacobson was injured when her vehicle was struck by another vehicle. State Farm insured both vehicles. The Jacobsons filed a claim with State Farm for payment of medical expenses under their own policy and a third party claim against the other driver who was also insured by State Farm. The Jacobsons submitted various medical bills to State Farm for payment, which State Farm paid. Approximately one year after the accident, the Jacobsons submitted more bills to State Farm. At this time, State Farm exercised its right under the insurance policy to require the Jacobsons to submit to medical evaluations by doctors designated by State Farm before paying the bills. State Farm also requested medical releases. Melinda Jacobson initially refused to submit to the medical examinations, alleging that State Farm was using its "first party contract to benefit [their] third party defendant in bad faith." However, she eventually submitted to the examinations. On August 8, 1996, State Farm informed the Jacobsons that based on the medical examinations it would pay for some of the additional medical bills but that some of the bills were not covered by the policy. The Jacobsons claim the unpaid bills are around $3,600; State Farm claims they are about $1,780. The total amount paid by State Farm is $6,436.93.

On September 22, 1997, the Jacobsons filed a complaint in district court alleging several causes of action, including a claim for delay and denial of benefits due under the insurance policy. The Jacobsons sought to recover the unpaid medical bills and damages for bad faith. State Farm moved to exercise the arbitration clause of the insurance policy. Initially both parties stipulated to arbitration, but the Jacobsons later withdrew their claim for unpaid medical benefits and withdrew from the arbitration. State Farm filed a motion to dismiss and a motion for summary judgment. The Jacobsons filed a motion to delay the hearing on the motion for summary judgment so they could conduct discovery. The district court denied the Jacobsons' motion to delay and granted State Farm's motion for summary judgment.

## II.

### THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY DENYING THE JACOBSONS' REQUESTS TO DELAY THE SUMMARY JUDGMENT HEARING IN ORDER TO CONDUCT DISCOVERY.

The Jacobsons' argue that the district court abused its discretion by denying their

motion to delay the hearing, arguing that they were unable to adequately defend against the motion without discovery.

## A. Standard of Review.

The control of discovery is within the discretion of the trial court. *See Vaught v. Dairyland Insurance Co.*, 131 Idaho 357, 956 P.2d 674 (citing *Service Employees Int'l Union, Local 6 v. Idaho Dept. of Health and Welfare*, 106 Idaho 756, 683 P.2d 404 (1984)). In reviewing whether the trial court abused its discretion in refusing to delay proceedings for further discovery this Court must consider: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *See Eagle Water Company, Inc. v. Roundy Pole Fence Company, Inc.*, 134 Idaho 626, 628, 7 P.3d 1103, 1105 (2000) (citing *Sun Valley Shopping Center v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)).

## B. The District Court Did Not Abuse Its Discretion In Denying The Motion To Delay.

The Jacobsons moved to delay the hearing on State Farm's motion for summary judgment so that they could conduct discovery. The basis of the Jacobsons' cause of action for bad faith was that State Farm used doctors who were biased against their insureds to defeat or minimize legitimate claims. The district court refused to delay the hearing for discovery in this area, reasoning that the discovery was unnecessary since the court assumed the doctors selected by State Farm were biased. Further, the district court reasoned that the number of instances biased doctors were used by State Farm in other cases was irrelevant to the Jacobsons' claim.

The record demonstrates that the district court reviewed the parties' arguments and the law pertaining to those arguments before rendering a decision. The district court perceived the issue as one of discretion, acted within the outer boundaries of its discretion and consistently with the legal standards ap-

plicable to the specific choices available to it and reached its decision by an exercise of reason. There was no error in denying the motion to delay to conduct additional discovery.

## III.

## THE DISTRICT COURT PROPERLY GRANTED STATE FARM'S MOTION FOR SUMMARY JUDGMENT.

## A. Standard of Review.

In an appeal from an order granting summary judgment, this Court's standard of review is the same standard used by the district court in ruling on a motion for summary judgment. *See U.S. Bank National Ass'n v. Kuenzli*, 134 Idaho 222, 999 P.2d 877 (2000); *see also See, e.g., First Security Bank v. Murphy*, 131 Idaho 787, 790, 964 P.2d 654, 657 (1998). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *See Idaho State Insurance Fund v. Van Tine*, 132 Idaho 902, 980 P.2d 566 (1999) (citing *Mitchell v. Bingham Memorial Hosp.*, 130 Idaho 420, 422, 942 P.2d 544, 546 (1997) and *State v. Rubbermaid, Inc.*, 129 Idaho 353, 355–56, 924 P.2d 615, 617–18 (1996)). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*

## B. The Record Does Not Show State Farm Committed Bad Faith By Delaying Payment Of The Jacobsons' Claims.

The Jacobsons' argue that State Farm's conduct in dealing with their claim constituted bad faith, because State Farm delayed payment and required Melinda Jacobson to undergo an examination by a biased doctor in the hope of either denying payment or using the information to defend against her third party claim. The Jacobsons also claim that State Farm's delay in payment was unreasonable because their claim was not fairly debatable.

The insurance contract gives State Farm the right to have an insured who makes a claim submit to a medical examination by a doctor of State Farm's choosing. The Jacobsons' argue, however, that State Farm committed bad faith by asserting the contract right in order to create a fairly debatable claim by the use of biased doctors. Regardless, the facts in this case establish that the delay in the additional payment of claims was the result of the Jacobsons' refusal to provide medical releases and to submit to the independent medical examinations. When the releases were provided and the medical examinations took place, State Farm made payment on some of the additional claims within a reasonable time. The district court assumed that the doctors selected by State Farm were biased. Nevertheless, State Farm paid on the claim once the examinations took place, and the Jacobsons dismissed their claims as to the unpaid amount. Whatever motives State Farm had, those motives did not cause the delay in payment. The district court properly granted summary judgment.

## IV.

## CONCLUSION

The decision of the district court granting summary judgment to State Farm is affirmed. State Farm is awarded costs. No attorney fees are allowed.

Chief Justice TROUT, Justices KIDWELL, WALTERS, and EISMANN, concur.