985 P.2d 1150

**Cathy COOK, individually and on behalf of the United States of America, Plaintiff–Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF TRANSPORTATION, Jim Ross, Devin Rigby, Defendants–Respondents.**

**Cathy Cook, Plaintiff–Appellant,**

v.

**State of Idaho, Department of Transportation, Jim Ross, Devin Rigby and John Does I through X, Defendants–Respondents.**

Nos. 22672, 24358.

Supreme Court of Idaho, Idaho Falls, May 1999 Term.

Aug. 31, 1999.

Stephen A. Meikle, Idaho Falls, for appellant.

Hon. Alan G. Lance, Attorney General, Boise; and Thompson and Stephens, P.A., Idaho Falls, for respondents. J. Michael Wheiler argued.

KIDWELL, Justice.

This is an employment discrimination case. The appellant terminated her employment after being turned down for a promotion. She claimed that she was discriminated against because the senior technician promotion she sought was closed when she was the only woman who applied. Appellant was denied relief by a grievance panel of appellant's employer, the Idaho Human Rights Commission and the Equal Employment Opportunity Commission. After a jury trial again denied appellant relief, she filed an appeal with this Court. We affirm the decision of the district court.

## I.

### FACTS AND PROCEDURAL HISTORY

After obtaining an Associates Degree, Cathy Cook was hired by the Idaho Transportation Department (ITD) in May of 1988 as an apprentice technician in Idaho Falls. Cook was assigned to District Six with offices in Rigby and Idaho Falls. Defendant Devin Rigby was the resident engineer for Idaho Falls and Defendant Jim Ross was the resident engineer for the Rigby office. After six months in the Idaho Falls office, Cook was promoted to a transportation technician.

At trial, Cook testified that her second assignment was with a crew from District Five surveying the Blackfoot interchange. During this survey she noticed the crew was not following procedure. When she reported the problem to her supervisor, she testified that she was told to work on getting along with others. During this project she noticed other discrepancies which she did not report.

In July of 1991, two positions came open for senior technicians, one in Rigby and the other in Idaho Falls. Cook applied for each position but was turned down for both. A male employee was promoted to the Rigby position and the Idaho Falls position was not filled. When Cook inquired as to the closing of the position, she was told that the Idaho Falls register did not have enough applicants.

Her supervisor, Rigby, told her the reasons why she was not promoted and suggested it might help if she "use[d] the fact that she was a woman at the next interview." Rigby also informed Cook that he thought she had a bad attitude. Cook reported the conversation and Rigby was given a written reprimand for his comments.

On July 25, 1991, Cook filed a grievance with ITD concerning the decision not to fill the Idaho Falls position. The grievance resulted in meetings between Ross, Rigby and Cook. The grievance process culminated in a decision by a three-person panel which concluded that the panel could not resolve the issue. The panel decided that it was within the ITD management's prerogative whether or not to fill the position, and that Cook and her superiors should work on their communications.

On October 31, 1991, Cook filed a complaint with the Idaho Human Rights Commission (IHRC) and the Equal Employment Opportunity Commission (EEOC). In her complaint Cook asserted that she had been discriminated against based on her sex when "[r]espondent closed the promotion offering and said that the position would not be filled." On April 3, 1992, Cook amended her EEOC complaint to add a claim of "retaliation," which she believed resulted from bringing her discrimination claim. On August 17, 1992, the IHRC concluded that no discrimination based on sex had occurred and dismissed the complaint. On September 25, 1992, the EEOC adopted the IHRC's findings and likewise dismissed the claim.

In July of 1992, Cook interviewed for the reopened senior technician position in the Idaho Falls office. In light of Cook's civil rights complaints, Rigby requested that others from outside the district perform the interviews. Rigby gave the panel the questions for the applicants. The questions were weighted to show which questions the resident engineer, Rigby, thought were most

important. Based on the panel's recommendation, the position was filled by an employee other than Cook.

In 1991, at an engineers' conference, Ross spoke with other district engineers about the complaints filed by Cook. Cook maintains that these conversations were the reason she was not able to transfer to other districts which had openings at the time.

Also in 1991, Ross called Cook's physicians to discuss Cook's health. Cook was not informed of the calls until after they were made.

In 1992, a contractor complained to Rigby that Cook was not taking the required test samples on one of the projects. After Rigby had conducted an investigation, ITD hired a private investigator to investigate the allegations against Cook. The investigator concluded that the evidence concerning Cook was inconclusive. During the investigation, she was suspended with pay. Following the suspension, a written letter of reprimand was placed in Cook's file.

On October 29, 1992, Cook gave notice to ITD, terminating her employment on November 6, 1992.

On December 17, 1992, Cook filed a complaint in United States District Court. Her complaint alleged a due process violation under 42 U.S.C. § 1983 and discrimination under Title VII, as well as wrongful discharge claims under state law. Following the defendants' motion to dismiss, the United States District Court dismissed Cook's § 1983 claim and her state law claims on July 19, 1993. However, the court granted Cook leave to remove her state law claims, as well as her § 1983 claim and her Title VII claim, to state court.

Cook filed a complaint in state court on November 12, 1993. Her complaint alleged claims for relief for discrimination under Title VII, "retaliation," violation of privacy, tortious interference with contract, unlawful termination, defamation, sexual harassment, "violation of morals or public policy," negligent infliction of emotional distress and intentional infliction of emotional distress and punitive damages. The defendants named were the State of Idaho, Department of Transportation, Jim Ross, Devin Rigby, Joyce Riley, Delayne Newcomb, Todd Tuckett, John Does I–X and Jane Does I–X.

The defendants filed a motion to dismiss and a motion to strike on November 30, 1993. On December 17, 1993, the district court dismissed the claim of "violation of morals or public policy" and the claim for punitive damages. On November 12, 1993, Cook amended her complaint to strengthen her discrimination claim.

On March 16, 1994, the defendants filed a motion for partial summary judgment. On April 18, 1994, Cook filed a second amended complaint to include a claim for relief for spoliation of evidence and violation of. § 1983 under the Fourteenth Amendment.

On June 3, 1994, Cook filed a third amended complaint in the form of a sealed complaint. On June 9, 1994, Cook again amended her complaint to add a claim of assault. On June 29, 1994, the court ordered that Cook submit another amended complaint which should separate the sealed False Claims Act claims from the remaining unsealed claims.

Cook subsequently filed her fifth and sixth amended complaints. In response, the defendants filed motions to strike, dismiss and for summary judgment.

On September 21, 1994, the district court entered a memorandum decision regarding the defendants' motions. Of the thirteen counts that Cook had pled, the court dismissed all but three because Cook had missed the 180–day notice requirement for tort claims. The court ruled that the 180 days should begin to run on the date of resignation rather than the date of her last day of work. Notice of resignation was given on October 29, 1992, and the notice of tort claim was filed May 5, 1993, 188 days later.

The court allowed count I, for Title VII discrimination, to proceed, although, the court limited the claim to the state and ITD rather than individual state employees. The court also allowed count XI, spoliation of evidence, to proceed, provided that Cook amend her complaint to allege negligent spoliation. However, the court ruled that this claim could only be brought at the conclusion

of the proceedings on the underlying claims for relief. Finally, the court allowed count XII, the § 1983 due process claim to continue, provided that no reference be made to the state or to state officials in their official capacity.

On November 3, 1994, the United States Attorney for the District of Idaho filed a notice of removal with the United States District Court in order to remove Cook's third amended complaint to federal court. On December 9, 1994, the United States Attorney filed notice with the Federal District Court that the United States would not intervene or participate in the proceedings concerning Cook's federal False Claims Act claims. On January 11, 1995, the United States District Court granted the defendants' motion to remand the case.

On July 5, 1995, Cook moved to have defendant Joyce Riley dismissed from the case. The motion was granted on the same day.

On August 1, 1995, defendants filed their second motion for partial summary judgment. On August 10, 1995, Cook filed her seventh amended complaint.

The district court issued its memorandum decision on October 2, 1995. The court ruled that Cook was barred from asserting a Title VII claim regarding the 1991 Rigby senior technician promotion. The court also dismissed Cook's § 1983 claims relating to loss of promotion and transfer, violation of due process, sexual harassment, and all Jane and John Does. The court further ruled that Cook's seventh amended complaint would be allowed, with the exception of the claim for punitive damages.

On October 19, 1995, the court entered an order in response to the defendants' motion in limine. The court ordered that the only False Claims Act claims that would be allowed were those specifically pled, including those involving the following ITD projects: I–15 Hamer to Dubois, I–15 Science Center Drive, Old Butte Road to Dale Drive and Holmes Avenue.

On October 30, 1995, a jury trial on the remaining issues commenced. On November 16, 1995, the jury returned four special verdict forms. The first found that Cook's gender was not a motivating factor in the decision not to promote her in 1991 or 1992. The second found that Cook had not been deprived of any due process. The second also found that only Rigby had violated Cook's equal protection rights. The third found no violation of the False Claims Act. The fourth found no sexual harassment, retaliation or constructive discharge. The trial court entered judgment that Cook should recover zero dollars.

On February 6, 1996, the court entered its order concerning the parties' post-trial motions. The court denied both Cook's and Rigby's motions for j.n.o.v., as well as Cook's motion for costs and fees. Additionally, the court ordered that Cook should be awarded $1.00 in nominal damages on the equal protection claim, but that defendants should be awarded fees and costs.

Cook filed a notice of appeal on December 20, 1995. Prior to the jury trial on the spoliation claim, the defendants filed a motion for summary judgment on the issue. On October 27, 1997, the court granted the defendants' motion for summary judgment on the spoliation claim. After Cook's motion to reconsider and her amended motion to reconsider were denied, Cook filed a notice of appeal on the spoliation case. The two appeals were consolidated by the Supreme Court on appeal.

## II.

### ANALYSIS

A. **Summary Judgment Was Proper Concerning Cook's Title VII Discrimination Claim Relating To The Senior Technician Position in Rigby.**

 On appeal from the grant of a motion for summary judgment, this Court employs the same standard as that used by the district court originally ruling on the motion. *McKay v. Owens,* 130 Idaho 148, 152, 937 P.2d 1222, 1226 (1997). On review, summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court liberally construes all disputed facts in favor of the nonmoving party, and draws all reasonable inferences and conclusions supported by the record in favor of the party opposing the motion. *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). If reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the motion must be denied. *Id.* However, if the evidence reveals no disputed issues of material fact, and the moving party is entitled to judgment as a matter of law, the trial court should grant the motion for summary judgment. *State v. Rubbermaid Inc.*, 129 Idaho 353, 356, 924 P.2d 615, 618 (1996).

Cook argues that the district court erred when it granted summary judgment on her Title VII discrimination claim because she had failed to include the claim in her EEOC complaint. She maintains that the allegations in her EEOC complaint were closely related enough that the district court should have allowed them.

On May 19, 1994, Cook filed her Fourth Amended Complaint. This complaint included a claim under Title VII for discrimination regarding the senior technician promotions. However, the claim only included allegations concerning the closing of the Idaho Falls position. On July 6, 1994, Cook filed her Fifth Amended Complaint in which she included a claim concerning the promotion of Jerry Mastell to the senior technician position in Rigby.

In a motion for partial summary judgment filed on August 8, 1995, the defendants argued that Cook's Title VII claim, with regard to the promotion of Mastell to the senior technician position in Rigby, should be summarily dismissed because it had not been included in Cook's original EEOC complaint. The district court agreed that the Mastell promotion claim was not included and was not close enough to the original claim to be allowed.

Cook filed her Title VII claim on October 31, 1991. The complaint included a claim of discrimination as follows:

## COUNT I

I. *COMPLAINANT'S STATEMENT OF PERSONAL HARM:* When I was the only female who was qualified for the promotion, Respondent closed the promotion offering and said that the position would not be filled.

II. *RESPONDENT'S REASON FOR ADVERSE ACTION:* Respondent stated that the promotion was closed because he did not like my "District VI Attitude" and he did not like me.

III. *COMPLAINANT'S STATEMENT OF DISCRIMINATION:*

. . .

A. I have been on the register for promotion to Senior Technician for about one year. On July 23, 1991, two other male applicants I and [sic] were interviewed to fill one Senior Technician position in Rigby and one in Idaho Falls. I felt that my interview went well. The position in Rigby was filled by one of the male applicants, who, I believe, basically had the position before the interview. The other male applicant was not as qualified for the Idaho Falls position as I was.

B. On July 24, 1991, I was told by the Resident Engineer, Devin Rigby, that the promotion offering had been closed and that he was not going to fill the position at that time. He originally stated that it was because "we don't have the workload." I did not feel that was the reason so I asked for the real reason for his decision. He stated that he "did not like my District 6 attitude" and that he didn't like me personally. I asked how he could form an opinion of me when he had not even known me. He said he had been told by someone else, but would not tell me who it was. I asked how I rated in the interview, and he stated that I scored about the same as the other applicants. He then suggested that I should "use the fact that I was a woman in the next interview. Maybe it would help."

C. I believe Mr. Rigby's decision to close the promotion was based on my sex, as I was the only female applicant, as well as the only applicant qualified for the posi-

tion. I further believe his decision was based on my sex when he stated that I should "use the fact that I am female" on later interviews.

 Because Title VII claims are intended to be filed by those not legally trained, such claims must be construed liberally. *Green v. Los Angeles County Supt. of Sch.*, 883 F.2d 1472, 1476 (9th Cir.1989); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 458 (5th Cir.1970). However, when suit is brought on claims that were not included in the employee's original EEOC complaint, the court may hear the new claims only if they are "like or reasonably related to the allegations of the EEOC charge." *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir.1984)(quoting *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973)).

 When deciding whether a claim is like or reasonably related to the claim contained in the EEOC charge, the court must determine if the additional charge would have been encompassed in the EEOC investigation. *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir.1990) (quoting *Green*, 883 F.2d at 1476). But if the two claims are *not* so closely related that a second administrative investigation would be redundant, the EEOC must be allowed to investigate the dispute before the employee may bring a Title VII suit. *Stache v. International Union of Bricklayers*, 852 F.2d 1231, 1234 (9th Cir. 1988).

 In the present case the EEOC adopted the findings of the IHRC. In its report, the IHRC determined, based on its investigation, that no discrimination had occurred when ITD decided to close the Idaho Falls position. The decision only discussed the closing of the Idaho Falls position and not the Mastell promotion at Rigby.

This is not a case where the second administrative investigation would be redundant. The charge of closing the Idaho Falls promotion is different in nature than the decision to promote a less qualified applicant over Cook. If the IHRC and the EEOC were to investigate the promotion of Mastell over

Cook, the investigation would have been different. An investigation into the Mastell promotion would have required a review of the questions and test scores of each applicant for the position. Also, the qualifications of each applicant, as well as the personnel records of the applicants, would need to be reviewed.

Since an investigation of the Mastell promotion would not have been redundant upon the investigation of the closing of the Idaho Falls position, the district court did not err in granting summary judgment.

**B. Summary Judgment Was Proper Concerning Cook's § 1983 Due Process Claims Arising From "Failure to be Promoted, Interference of Transfer, Suspension Without Just Cause and Constructive Discharge."**

**1. Cook did not have a property interest in either the promotion or the transfer.**

 Cook argues that as a permanent public employee, she had a property interest in her position which could not be taken without due process. Cook urges the Court to adopt the reasoning that because she had a property interest in her employment, she also had an interest in the promotion, transfer, termination and suspension. This Court declines to adopt such a rule.

 Employees have a property interest in their employment when they are more than mere employees at will. *Arnzen v. State*, 123 Idaho 899, 904, 854 P.2d 242, 247 (1993) ("[I]n order for [plaintiff] to have a property interest in continued employment, he must have been more than an employee at will."). Cases from the federal circuits have repeatedly failed to find a constitutionally protected property interest in employee promotions. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 872 (9th Cir.1998) (noting the 1st, 2nd, 3rd, 4th, 7th, 11th and D.C. Circuits have denied claims of property interests in promotions).

In *Nunez*, a number of police officers sued the Los Angeles Police Department under 42 U.S.C. § 1983, because a number of less-qualified applicants had been promoted over

them. *Id.* at 870. In ruling against the officers, the court explained that "[u]ntil someone actually receives a promotion, or at least a binding assurance of a forthcoming promotion, he cannot claim a property interest in the promotion." *Id.* at 873.

In the present case, Cook had nothing more than a hope of receiving either of the two promotions. While she thought that her interview went well and that she was well qualified, her expectations are not a protectable property interest for a § 1983 claim. Similarly, Cook's expectation of a transfer to a different district also does not rise to the level of a protectable property interest. Therefore, since Cook had no property interests in either the promotion or the transfer, we affirm this portion of the district court's decision.

### 2. Cook's suspension was with just cause.

■■ Cook argues that she was suspended without just cause while she was being investigated by the ITD. Cook was suspended because she had been accused of falsifying her reports. When Cook returned to work following the suspension, which had included pay for her time off, she had not lost any benefits and was not terminated as a result of her suspension. Therefore, we affirm the district court on this issue.

### 3. The district court did not dismiss Cook's constructive discharge claim.

Cook contends in her brief that the district court erred when it granted summary judgment on her constructive termination claim. Her contention, however, appears to be misplaced. The record reveals that the issue of constructive termination was not dismissed, but went to the jury. It was the jury who, after trial, determined that Cook had not been constructively discharged. Therefore, there is no issue for this Court to consider.

### C. Summary Judgment Was Proper Concerning Cook's State Law Claims Because the District Court Rendered Alternative Judgments on Each of The Separate State Law Claims, Which Were Not Appealed.

■■ In its decision, the district court granted summary judgment against Cook for her failure to file a timely claim. However, the court also ruled against Cook on alternative grounds for each of the claims it considered. On appeal, Cook has challenged only that portion of the district court's decision relating to the tort claims notice requirement. Therefore, we need not decide whether Cook timely filed her notice of tort claim, since the alternative reasons for the district court's holding have not been raised on appeal. *State v. Goodwin,* 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct.App.1998); *MacLeod v. Reed,* 126 Idaho 669, 671, 889 P.2d 103, 105 (Ct.App.1995); *Higley v. Woodard,* 124 Idaho 531, 534–35, 861 P.2d 101, 104–05 (Ct.App. 1993).

### D. The District Court Properly Denied Cook Leave to Amend Her False Claim Act Claim Regarding the Spencer to Montana State Line and Holmes Avenue Projects.

■■ A court's decision to deny an amendment to pleadings is reviewed by this Court for an abuse of discretion. *See Hough v. Fry,* 131 Idaho 230, 232, 953 P.2d 980, 982 (1998). In determining whether the trial court has abused its discretion, this Court applies the three-factor test fashioned in *Sun Valley Shopping Ctr. Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). These three factors are: 1) whether the trial court correctly perceived the issue as one of discretion, 2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it, and 3) whether the trial court reached its decision by an exercise of reason. *Id.*

In addition to arguing that the district court abused its discretion in denying her motion to amend, Cook argues that the defendants knew of the False Claims Act claim because they had proceeded with discovery on the issue.

To begin with, I.R.C.P. 15(a) provides that leave to amend "shall be freely given when justice so requires." *Id.; Hines v. Hines,*

129 Idaho 847, 853, 934 P.2d 20, 26 (1997). However, this Court has upheld trial courts' decisions to deny plaintiffs' amended complaints when the amendments come on the eve of trial. *See Jones v. Watson*, 98 Idaho 606, 610, 570 P.2d 284, 288 (1977) (finding no abuse of discretion in denying amended complaint filed the day of trial); *Dairy Equip. Co. of Utah v. Boehme*, 92 Idaho 301, 304, 442 P.2d 437, 440 (1968) (holding no abuse of discretion when amended complaint was filed five days prior to trial).

■ Cook attempted to file her eighth amended complaint on the morning of the first day of trial. The trial court ruled that the newly added claims, if allowed, "would be highly prejudicial to the defense to try and go ahead and defend on that." This statement shows the district court recognized that it had discretion to allow the amended complaint or deny it. Since I.R.C.P. 15(a) requires the court to allow amendments only when justice requires, it was well within the outer bounds of the court's discretion and within applicable legal standards to deny Cook's amended complaint. Additionally, the district court used sound reason when it ruled that a party should not be called upon to defend a claim presented for the first time on the morning of trial.

Therefore, the district court did not abuse its discretion when it refused to allow Cook to amend her complaint for the eighth time. It should be noted, however, that the district court eventually allowed Cook to file her eighth amended complaint as well as a supplemental eighth amended complaint.

## E. The District Court Did Not Err in Denying Cook's Motion for a New Trial Regarding Her Title VII and Equal Protection Claims.

Cook argues that since the jury found that her supervisor had violated her rights to equal protection, then the jury should have found that Cook's employer had also violated her rights through the theory of respondeat superior. These inconsistent special verdicts, argues Cook, required the district court to grant her a new trial.

■ When faced with arguably inconsistent special jury verdicts, the trial court "must look at the evidence and the instructions given and see if there is a view of the case that makes the jury's answer consistent. If there is this consistent view, the court must resolve the case in that way." *Griffith v. Latham Motors, Inc.*, 128 Idaho 356, 360, 913 P.2d 572, 576 (1996).

In this case, the jury found, by special verdict, that Rigby had violated Cook's equal protection rights, but that her employer was nevertheless not liable under Title VII. Cook argued this inconsistency to the district court on a motion for a new trial. In denying the motion, the district court held that Cook's Equal Protection Claim under § 1983 and her Title VII claim encompassed different elements, and that the jury's finding that her equal protection rights had been violated did not require the jury to find a violation of Title VII.

■ On appeal, this Court is not to reweigh the trial evidence, but is to determine whether there has been a manifest abuse of discretion by the district court. *Quick v. Crane*, 111 Idaho 759, 770, 727 P.2d 1187, 1198 (1986). When this Court reviews a decision of the district court for an abuse of discretion, it will apply the three-factor test of *Sun Valley Shopping Center v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

■ Applying these legal standards to the present case it becomes clear that the district court did not abuse its discretion when it denied Cook's motion for a new trial. First, the district court clearly recognized that the issue was one of discretion. The court pointed out in its memorandum decision on post-trial motions that it had broad discretion in determining if a new trial was warranted.

Next, the district court acted within the bounds of its discretion and ruled consistent with legal standards. The court noted that it had weighed the evidence and the credibility of the witnesses independent of the motion for j.n.o.v. From this evaluation, the court found that the "verdict was in accord with the weight of the evidence and that the ends of justice would not be served by vacating

the verdict." The court also determined that it could not have concluded that a new trial would result in a different verdict.

Finally, the court reached its decision by exercising reason. The district court considered Cook's argument (that the verdicts were inconsistent) and determined that it was reasonable for the jury to reach the verdict it did. Thus, we hold that the district court did not abuse its discretion in denying Cook's motion for a new trial.

### F. The District Court Properly Dismissed Cook's Spoliation of Evidence Claim.

While Cook raises issues relating to her spoliation of evidence claim, we hold that Cook should not be allowed to bring the claim when she failed to file a notice of tort claim. Even though this Court has not expressly adopted spoliation of evidence in Idaho, it has recognized that spoliation of evidence is a tort. *See Yoakum v. Hartford Fire Ins. Co.*, 129 Idaho 171, 177, 923 P.2d 416, 422 (1996).

> The Idaho Tort Claims Act provides that: All claims against the state arising under the provisions of this act and all claims against an employee of the state for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the secretary of state within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

I.C. § 6-905.

While the act does not mention "torts" specifically, it defines "a claim" as:

> [A]ny written demand to recover money damages from a governmental entity or its employee which any person is legally entitled to recover under this act as compensation for the negligent or otherwise wrongful act or omission of a governmental entity or its employee when acting within the course or scope of his employment.

I.C. § 6-902(7).

In count five of her seventh amended complaint, Cook alleged that she had a right to recover damages against ITD, because the ITD had "negligently or intentionally secreted, destroyed, lost or mislaid" evidence. Thus, Cook's claim for spoliation was a "claim" as defined by the Act. Since Cook failed to file a notice of tort claim regarding her spoliation of evidence claim, the district court did not err when it dismissed her claim. *See Banks v. University of Idaho*, 118 Idaho 607, 608, 798 P.2d 452, 453 (1990).

### G. Attorney Fees Are Not Awarded to Either Party on Appeal.

Cook seeks attorney fees on appeal under I.A.R. 11.1. This rule provides that attorney fees may be granted to a party where the other party has submitted a brief which is not "well grounded in fact and [not] warranted by existing law." I.A.R. 11.1. Here, ITD has presented a well-reasoned brief which has presented relevant facts and applicable law. Therefore, imposing sanctions, in the form of attorney fees, would be inappropriate.

The respondents, on the other hand, claim fees but cite no rule or statute upon which this Court could grant attorney fees. In the case they cite, *Durrant v. Christensen*, 117 Idaho 70, 785 P.2d 634 (1990), the Court did award fees, but only after noting the statute and rule upon which the fee was requested. Therefore, respondents are not awarded attorney fees because they failed to prove they were entitled.

### III.

### CONCLUSION

Cook's Title VII claim was properly dismissed because she failed to include the Mastell promotion in her EEOC complaint. Since the Mastell promotion was not closely related to the closing of the Idaho Falls position, the district court properly refused to hear the claim.

The district court properly dismissed Cook's § 1983 due process claim because she failed to show that she had a property interest in a promotion or transfer. Additionally, summary judgment was proper on Cook's state law claims because Cook failed to raise

the alternative grounds for the district court's decision on appeal.

The decision of the district court to deny Cook's eighth amended complaint on the day of trial was not an abuse of discretion, and therefore, is affirmed.

The district court did not abuse its discretion when it denied Cook's motion for a new trial where there was substantial evidence to support the jury's verdict. The spoliation claim was properly dismissed because Cook failed to file a timely notice of tort claim.

Finally, neither side has requested attorney fees under appropriate statutes, and, therefore, no attorney fees are awarded. Costs are awarded to the respondents.

Chief Justice TROUT, Justices SILAK, SCHROEDER, and WALTERS concur.