18 P.3d 956

**SELKIRK SEED COMPANY, and all other corporations, entities or individuals similarly situated, Plaintiffs–Appellants,**

v.

**STATE INSURANCE FUND, Defendant–Respondent.**

No. 25173.

Supreme Court of Idaho,
Boise, October 2000 Term.

Dec. 21, 2000.

Rehearing Denied March 5, 2001.

Starr Kelso Law Office, Chtd., Coeur d'Alene, for appellants. Starr Kelso argued.

Hon. Alan G. Lance, Attorney General; Elam & Burke, P.A., Boise for respondent. Ryan P. Armbruster argued.

SILAK, Justice.

## NATURE OF THE CASE

This is an appeal by Selkirk Seed Company (Selkirk) from an order of the district court, granting summary judgment to the State Insurance Fund (SIF) on the issue of whether SIF's sale of "employers liability insurance" was authorized by statute. We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

### A. Factual Background.

Selkirk, an Idaho employer, purchased worker's compensation insurance from SIF beginning in April 1989. In return for payment of premiums, SIF provided Selkirk with a contract for insurance entitled "Workers Compensation And Employers Liability Insurance Policy," which provides in relevant part:

### General Section

E. **Locations**—This policy covers all of your workplaces listed in items 1 or 4 of the Information Page; and it covers all other workplaces in item 3.A. state unless you have other insurance or are self-insured for such workplaces.

. . .

### Part One—Workers Compensation Insurance

A. **How This Insurance Applies**—This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period.

2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

. . .

### Part Two—Employers Liability Insurance

A. **How This Insurance Applies**—This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work in a state or territory listed in item 3.A. of the Information Page.

3. Bodily injury by accident must occur during the policy period.

4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5. If your are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

. . .

C. **Exclusions**—This insurance does not cover:

4. Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law.

5. Bodily injury intentionally caused or aggravated by you.

. . .

The contract was renewed by Selkirk until January 1994. Insurance contracts containing "Part One—Workers Compensation Insurance" (Part One) and "Part Two—Employers Liability Insurance" (Part Two) were issued to other employers by SIF during this time.

**B. Procedural Background.**

In May 1996, Selkirk filed a class action against SIF in district court, alleging that the inclusion of Part Two in SIF's worker's compensation insurance policy was unlawful because it did not provide "worker's compensation insurance" as required by statute. Selkirk sought rescission of Part Two, injunctive relief against SIF's continued sale of insurance containing Part Two, and recovery of all premiums associated therewith. SIF filed a motion to dismiss Selkirk's complaint, which was treated by the district court as a motion for summary judgment, due to consideration of material outside of the pleadings.

The district court granted summary judgment to SIF, ruling that Part Two of the insurance policy provided insurance coverage against real and recognizable risks. The district court also denied Selkirk's motion for class certification, ruling that the issue was moot.

## II.

## ISSUES ON APPEAL

The following issues are presented on appeal:

A. Whether SIF had authority to sell the insurance coverage provided by "Part Two."

B. Whether "Part Two," as sold by SIF, is insurance.

C. Whether the premiums paid by employers for "Part Two" coverage should be returned.

D. Whether this case should be certified as a class action.

## III.

## STANDARD OF REVIEW

Appellate review of a trial court's ruling on a motion for summary judgment is the same as that required of the trial court when ruling on the motion. *See* I.R.C.P. 56(c); *Cook v. State, Dept. of Transp.,* 133 Idaho 288, 293, 985 P.2d 1150, 1155 (1999); *Turpen v. Granieri,* 133 Idaho 244, 246, 985 P.2d 669, 671 (1999). On review, summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court liberally construes all disputed facts in favor of the nonmoving party and draws all reasonable inferences and conclusions supported by the record in favor of the party opposing the motion. *See Cook,* 133 Idaho at 294, 985 P.2d at 1156. If reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the motion must be denied. *See id.* However, if the evidence reveals no disputed issues of material fact, and the moving party is entitled to judgment as a matter of law, the motion for summary

judgment should be granted. *See State v. Rubbermaid Inc.,* 129 Idaho 353, 356, 924 P.2d 615, 618 (1996).

## IV.

## ANALYSIS

A. **SIF Has Statutory Authority To Sell This Insurance Policy Because Part Two Of The Policy Provides Liability Coverage For Compensation Under The Idaho Worker's Compensation Law.**

■ Selkirk argues SIF is without statutory authority to sell the insurance coverage provided in Part Two. Selkirk's primary assertion is that since the controlling statute only authorizes SIF to provide worker's compensation insurance, and Part Two of the insurance contract does not provide worker's compensation but instead provides liability insurance, Part Two is without statutory authorization. Selkirk's second claim is that Part Two is not a worker's compensation policy because it specifically excludes any obligations imposed by worker's compensation law to provide coverage for "employer liability."

■ Regarding Selkirk's initial assertion that Part Two is liability insurance, not worker's compensation, we disagree. This issue turns on the interpretation of the insurance policy in light of the statutes controlling the SIF. As a creature of statute, SIF is limited to the power and authority granted to it by the legislature. *See Kelso & Irwin, P.A. v. State Ins. Fund,* 134 Idaho 130, 135, 997 P.2d 591, 596 (2000). However, at the same time, it is an independent agency having the status of a private insurance company. *See* I.C. § 72–901(1); *Atwood v. State of Idaho, Dept. of Agriculture,* 80 Idaho 349, 353, 330 P.2d 325, 326 (1958). Since the legislation controlling SIF is remedial in nature, this Court will interpret it broadly to effectuate the intent of the legislature. *See State v. Hobby Horse Ranch Trac. & Equip. Co.,* 129 Idaho 565, 567, 929 P.2d 741, 743 (1996).

■ The interpretation and legal effect of an unambiguous contract are questions of law over which this Court exercises free review. *See Hanks v. Sawtelle Rentals, Inc.,* 133 Idaho 199, 202–03, 984 P.2d 122, 125–26 (1999); *First Security Bank of Idaho, N.A. v. Murphy,* 131 Idaho 787, 791, 964 P.2d 654, 658 (1998). In construing a written instrument, this Court must consider it as a whole and give meaning to all provisions of the writing to the extent possible. *See Magic Valley Radiology Associates, P.A. v. Professional Business Services, Inc.,* 119 Idaho 558, 565, 808 P.2d 1303, 1310 (1991). Because the insurance contract at issue does not appear ambiguous on its face, nor has either party asserted that it contains ambiguity, this Court exercises free review over its interpretation.

A plain reading of the insurance contract reveals that Part Two is a worker's compensation policy, not merely a liability insurance policy. The state insurance fund was created "for the purpose of insuring employers against liability for compensation . . . and of securing to the persons entitled thereto the compensation provided by said laws." I.C. § 72–901(1). Part Two satisfies this purpose because it insures against liability for compensation to employees.

Moreover, Part Two, by definition, is a "worker's compensation" policy not "liability insurance." By its enabling legislation, the SIF is subject to the provisions of the Idaho insurance code. *See* I.C. § 72–901(4). The insurance code defines "worker's compensation" as "[i]nsurance of the obligations accepted by, imposed upon, or assumed by employers under law for death, disablement, or injury of employees." I.C. § 41–506(1)(d). Liability insurance, on the other hand, is defined as "[i]nsurance against legal liability for the death, injury, or disability of any human being." *See* I.C. § 41–506(1)(c). Thus, the two types of coverage are distinctly different. Liability insurance deals with injury to any person, while worker's compensation insurance is applied exclusively to employees. Part Two falls within the statutory scheme of worker's compensation because it "applies to bodily injury by accident or bodily injury by disease." Further, "[*t* ]*he bodily injury must arise out of and in the course of the injured employee's employment.*" (em-

phasis added). Nothing in Part Two indicates its application to any persons other than employees; therefore, Part Two, by definition, is a worker's compensation policy.

Regarding Selkirk's second argument, exclusion number four of Part Two does not abrogate its function of providing worker's compensation. Part One and Part Two of SIF's insurance contract both provide worker's compensation insurance. However, each provides coverage under different conditions and are mutually exclusive. When read as a whole, Part One functions as the policy's omnibus clause in providing worker's compensation insurance to employers. Part Two applies in only limited circumstances, and the exclusion of any obligation imposed by worker's compensation law serves only to preclude operation of Part One in the event the terms and conditions of Part Two have been met.

Accordingly, we hold that Part Two of SIF's insurance contract provides coverage for worker's compensation, and it is therefore authorized by statute.

### B. Part Two Is An Insurance Policy Because It Provides Coverage For Real And Determinable Risks.

██ Selkirk asserts that Part Two does not provide insurance of any kind because SIF has never assumed any real risk of loss. SIF maintains that the purpose of Part Two is to provide the employer with protection against claims brought in a forum other than the Industrial Commission.

"Insurance" is a contract whereby one undertakes to indemnify another or pay or allow a specified or ascertainable amount or benefit upon determinable risk contingencies. I.C. § 41–102.

Part Two provides in relevant part:

A. **How This Insurance Applies**—This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

2. The employment must be necessary or incidental to your work in a state or territory listed in item 3.A. of the Information Page.

5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

B. **We Will Pay**—We will pay all sums you legally pay as damages because of bodily injury to your employees, provided such bodily injury is covered by this Employers Liability Insurance.

D. **We Will Defend**—We have the right and duty to defend at our expense any claim, proceeding or suit against you for damages payable by this insurance.

By its terms, Part Two clearly contemplates coverage for an employer brought before a forum other than the Idaho Industrial Commission and provides payment or defense for liability incurred by an employer as a result of an injured employee.

As proof that SIF has not assumed any risk of loss, Selkirk asserts SIF has never defended a suit in another forum. Selkirk's assertion that SIF has never provided these benefits is unpersuasive. Whether or not SIF has ever been called upon to provide the indemnity or defense described in Part Two is immaterial to whether a benefit has been received by Selkirk. The benefit received is the guarantee of indemnity or defense should the occasion arise, and not the actual benefits paid or provided should such a situation present itself.

Selkirk maintains that in addition to having never provided benefits under Part Two, in practice, SIF would never be required to provide such benefits because under Idaho law, worker's compensation is the exclusive remedy.

Several cases were presented by SIF in support of the proposition that an Idaho employer faces a real risk of having to defend an action in a forum other than the Industrial Commission. In its opinion granting SIF's motion for summary judgment, the district court noted that instances may exist where an Idaho employer would be required to appear in a forum other than the Industrial Commission. The court recognized that al-

though Idaho is an exclusive remedy state, other states such as Oregon operate under a "dual capacity" system where an employee may be allowed to sue his or her employer when their injury is attributable to a separate and distinct relationship between the employer and employee, which invokes a different set of obligations than the employer's duties. In acknowledging the existence of such circumstances, the district court discussed the case of *Seubert Excavators, Inc. v. Anderson Logging Co.*, 126 Idaho 648, 889 P.2d 82 (1995). In that case, Seubert entered into a contract with Anderson Logging, whereby Anderson agreed to serve as a subcontractor for Seubert. Both Seubert and Anderson were incorporated in Idaho. Ultimately, an Anderson employee was killed on the worksite, and the worker's wife filed suit against Seubert in Oregon. Under Oregon law, Seubert could theoretically be held liable to the wife of the deceased, as it controlled the worksite.

While the Court's analysis in *Seubert* focused on issues of conflicts of laws, the factual scenario underlying the case provides a clear example of the circumstances under which Part Two of the policy would provide coverage to an Idaho employer where Part One would not. If Seubert had a policy in force that included the coverage provided in Part Two of SIF's policy, SIF would have been obligated to defend Seubert in Oregon.

Furthermore, while section 72–209 of the Idaho Code provides that the liability of the employer under this law shall be exclusive and in place of all other liability of the employer to the employee, the exclusiveness of an injured employee's remedy is not absolute. *See* I.C. § 72–209(1). Circumstances may arise where an injured employee may seek redress in an Idaho forum other than the Industrial Commission where an alleged injury occurs in the course and scope of employment, but the injury is not compensable under the Worker's Compensation Act. *See, e.g., Nelson v. Ponsness–Warren Idgas Enter.*, 126 Idaho 129, 879 P.2d 592 (1994). The exemption from liability given to an employer by section 72–209(1) does not apply in any case where the injury or death is proximately caused by the willful or unprovoked physical aggression of the employer. *See* I.C. § 72–209(3). While Part Two does provide an exclusion from coverage for "bodily injury intentionally caused or aggravated by you," circumstances may exist where the acts of an employer expose it to liability beyond the worker's compensation law, but which fall short of the exclusion to coverage provided in Part Two.

Accordingly, we hold that Part Two provides coverage for real and determinable risks, and therefore comes within the statutory definition of insurance.

## B. SIF Is Not Required To Return Premiums And Certification Of The Case As A Class Action Is Moot.

Since we have decided SIF was authorized to issue the coverage provided in Part Two and in so doing, undertook to indemnify Selkirk and others against real and determinable risks, Selkirk's request that this case be certified as a class action, and all premiums associated with coverage under Part Two be returned, is moot.

## V.

## CONCLUSION

We hold: 1) issuance of Part Two of SIF's "Workers Compensation And Employers Liability Insurance Policy" is statutorily authorized because it provides coverage for bodily injury arising out of and in the course of the injured employee's employment; 2) Part Two constitutes insurance because it provides coverage against real and determinable risks; and 3) Selkirk's request for class certification and return of premiums associated with Part Two is denied due to this Court's decision on the underlying claim. Costs to respondent. No attorney fees were requested.

Chief Justice TROUT, Justices WALTERS and KIDWELL concur.

Justice SCHROEDER, concurs in the result.